IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY MILLER,　　　　　　　　　　　)
　　　　　　　　Plaintiff　　　)
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　) 　Civil Action No. 08-817
　　　　　　　　　　　　　　　　　　　) 　Judge Nora Barry Fischer/
　　　　　　　　　　　　　　　　　　　) 　Magistrate Judge Amy Reynolds Hay
WESTMORELAND COUNTY DISTRICT　)
ATTORNEY'S OFFICE; HON JUDGE　　)
RICHARD McCORMICK; HON. JUDGE　)
JOHN E. BLAHOVEC,　　　　　　　　　)
　　　　　　　　Defendants　)

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

REPORT

Larry Miller ("Plaintiff") is currently incarcerated at SCI-Graterford. Plaintiff has filed pro se a pre-printed form complaint, alleging a violation of his 6th, 8th and 14th Amendment rights. Complaint at ¶ III. He named three defendants: the Westmoreland County District Attorney's office and Common Pleas Court Judges Richard McCormick and John E. Blahovec. Because all three of the defendants enjoy immunity from suit, Plaintiff's claims should be dismissed. In the alternative, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

*Applicable Legal Principles*

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major

changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [2], and is a prisoner within the meaning of 28 U.S.C. § 1915.[1] Thus, Section 1915(e)(2) is applicable herein.

Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

The PLRA in relevant part also added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief."  Here, Plaintiff is a prisoner within the meaning of Section 1915A.[2]  All three of the Defendants are employees of a governmental.   Thus, Section 1915A Screening is applicable herein.  Moreover, under Section 1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim or that is frivolous  but the court is required to do so. Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at  28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) and § 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under

---

[2] Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F.Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii));  Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  See  Estelle v. Gamble, 429 U.S. 97 (1976).  However, the court need not accept as true any legal averments or conclusions contained in the complaint.  Papasan v. Allain, 478 U.S. 265, 286 (1986); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999).  Dismissal is proper under Rule 12(b)(6) where the court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law.  See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

***Discussion***

Plaintiff's complete factual allegations in the complaint are as follows:

> The plaintiff argues that he was wrongly illegally convicted for robbery, and sentence[d] to 17 yrs., to 34 yrs, which at that time the Defendants had a preliminary hearing on or about 10/30/06, for the said charges: kidnapping, unlawful restraint, criminal conspiracy to commit robbery, burglary, theft by unlawful taking, [and] access device fraud. Furthermore, the plaintiff argues that on 10/30/06, at [sic] District Judge Michael R. Mahady, stated on the face of the record, I am dismissing the charge of conspiracy to commit robbery, and I did not even consider the robbery charge. The sole argument surrounding this civil complaint is that the Defendant [i.e., Plaintiff Miller] was sentence[d] to 17 yrs., to 34 yrs., for robbery in the Common Pleas Court when this charge of robbery was never consider[ed] at the magisterial level which violates the jurisdictional law against the Defendant's [i.e., Miller's] Constitutional rights. The Defendant was never arrested for robbery or arraigned, and never given a preliminary hearing on the robbery charge.

Dkt. [3] at 2, ¶ IV.C. By way of relief, Plaintiff seeks "$100,000 for pain [and] suffering, $100,00 for mental anguish, $100,000 for personal humiliation, $100,000 for cruel and unusual punishment, and $100,000 for each day that the Defendant was incar[ce]rated for wrongly illegally [sic] conviction and whatever the courts feel just and fair." Dkt. 3 at 3, ¶VI.

*Heck* bars this suit

From the recitation of the facts found in the complaint, it is clear that this suit would be barred by Heck v. Humphrey, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit unless the conviction, has, in effect, been overturned.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

5

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

If Plaintiff were successful in his claim that his robbery charges were never brought before a state magistrate (now known as a "Magisterial District Judge") and if it were established, as Plaintiff contends, that such renders the Common Pleas Court without jurisdiction to try him and convict him on the robbery charge, then such a claim would necessarily call his conviction into question. See e.g, Walker v. Szczesny, No. 5:04-CV-79, 2006 WL 13018, at *1 (W.D.Mich. Jan. 3, 2006), wherein the Court held

> Next, plaintiff argues that Heck v. Humphrey, 512 U.S. 477 (1994) should not bar his § 1983 claims against these defendants because the state court that convicted him lacked jurisdiction. Plaintiff cannot bring a challenge under section 1983 to the validity of his criminal conviction. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, __ U.S.__, __, 125 S.Ct. 1242, 1245 (2005) (citations omitted); see Weatherly v. Kingsport Police Dep't, 68 F. App'x 600, 601 (6th Cir. 2003)("The writ of habeas corpus [ ] provides the exclusive remedy for challenges that necessarily imply the invalidity of the fact or duration of a prisoner's confinement.").

Because Plaintiff is now serving the sentence for the robbery conviction that he seeks to attack herein and because it does not appear that Plaintiff has met the conditions of Heck, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

### Prosecutorial Immunity

In the alternative, liberally construing the complaint, Plaintiff seeks to sue the Westmoreland County District Attorney's Office. However, because prosecutors enjoy absolute immunity from Section 1983 suits seeking money damages for actions taken by the prosecutor that are "intimately associated with the judicial process[,]" Imbler v. Pachtman, 424 U.S. 409, 430 (1976), the claim against the District Attorney's office must be dismissed.

Not only is a prosecutor absolutely immune for actions intimately associated with the judicial process, but any administrative or investigative actions taken after a criminal prosecution has been initiated that are necessary for maintaining the criminal prosecution are entitled to absolute prosecutorial immunity as well. See, e.g., Ireland v. Tunis, 113 F.3d 1435, 1447 (6th Cir. 1997)("Absolute prosecutorial immunity will likewise attach to administrative or investigative acts necessary for a prosecutor to initiate or maintain the criminal prosecution."). Here, it is clear that Plaintiff seeks to hold the District Attorney's office liable for its role in criminally prosecuting Plaintiff for the robbery charge, notwithstanding that Plaintiff was never provided a preliminary hearing on the robbery charge. Prosecuting Plaintiff for the robbery charge is clearly an action intimately associated with the judicial process, and hence, the District Attorney's office enjoys absolute immunity from suit. Accordingly, the District Attorney's office must be dismissed.

### Absolute Judicial Immunity

Defendant Judges John Blahovec and Richard McCormick, as members of the judiciary, are entitled to have the complaint dismissed against them on the basis of absolute judicial immunity because the complaint reveals that all of the allegations show Plaintiff dealt with them solely in their judicial capacities. The doctrine of judicial immunity bars civil suits for monetary

7

damages against judicial officers who are acting in their judicial capacity, i.e., whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction.[3] See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. Id. at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Here, the complaint makes clear that the actions taken by the judges and complained of by the Plaintiff are taken in their judicial capacity. Even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000)(failure to comply with state court rule did not strip judge of immunity). Not even allegations that a judge took an otherwise judicial action in bad faith or maliciously is sufficient to pierce judicial immunity. Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Because the two State Judge Defendants enjoy absolute judicial immunity, they must be dismissed.

Accordingly, for any or all of the foregoing reasons, the complaint should be dismissed for

---

[3] Although Plaintiff alleges that because the state magistrate (now called "Magisterial District Judge") "Michael R. Mahady, stated on the face of the record, I am dismissing the charge of conspiracy to commit robbery, and I did not even consider the robbery charge. . ." Dkt. [3] at 2, ¶ IV.C, and Plaintiff contends that such deprived the Common Pleas Court of jurisdiction over the robbery charge, the law in Pennsylvania is not as Plaintiff would have it. Mere failure to present a charge to the State magistrate in a preliminary hearing does not divest the Court of Common Pleas of subject matter jurisdiction over the criminal charge, this is true, even if the State magistrate dismisses the charge but the Common Pleas Court later convicts the defendant of the charge in any event. See, e.g., Commonwealth v. Jones, 929 A.2d 205 (Pa.2007)(Court of common pleas had subject matter jurisdiction with respect to charge of criminal conspiracy, as required for such court to accept defendant's negotiated guilty plea to charge of criminal conspiracy, though at preliminary hearing on such charged offense and two other charged offenses, magistrate had dismissed the criminal conspiracy charge, and Commonwealth had not formally sought to reinstitute the criminal conspiracy charge by filing a second complaint).

8

failure to state a claim upon which relief can be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the plaintiff is permitted to file written objections by August 1, 2008 in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 14 July, 2008

cc: The Honorable Nora Barry Fischer
United States District Judge

Larry Miller
HF-0477
SCI Graterford
P.O. Box 244
Graterford, PA 19426